# HOOK *v.* PHILBRICK.

An award will be invalid, if there be no notice of the time and place of hearing.

In the year 1834, the parties to a cause agreed that the value of a piece of land, belonging to the defendant, should be determined by the appraisal of a third person. Twelve years afterwards, in the year 1846, the plaintiff requested the arbitrator to make an appraisal. The parties met, but as the defendant

desired to consult counsel, he requested that the matter might be delayed, and they separated without fixing upon any future day for the hearing. Subsequently the arbitrator, at the request of the plaintiff, made an appraisal but gave no notice to the defendant. *Held*, that the award was invalid.

An award will be invalid if made after the lapse of twelve years from the time of the submission, unless some reason be given for the delay.

DEBT, on a bond dated December 23, 1834, for $200.

The defendant craved oyer of the bond, and of the condition which is as follows:

" If the said Philbrick, shall convey, by warranty deed, with the usual covenants, and with a release of all rights of dower, to the said Charles and his heirs, a tract of land, out of said Philbrick's field, in front of James T. Hook's, in Hawke, and bounded on the road in front of said house, thirty feet on said road, and twenty feet in depth, the said Charles, paying or tendering to said Jedediah, the sum at which said bond may be valued and appraised by Nathaniel Webster, of Hawke, and if the said Philbrick, shall permit the said Charles, forever, to lay and deposite in any part of the road opposite to said field, without obstructing said Philbrick's bars, any boards, lumber, materials or anything else whatever, then this obligation shall be void."

He also pleaded the general issue, with a brief statement of his defence, to wit:

1. That said Philbrick has performed, fulfilled, and kept all the conditions and agreements in said condition mentioned.

2. That the contingency has not yet happened, on which said Philbrick was bound to convey to said Hook, the tract of land therein mentioned.

3. That said Philbrick has, at all times, permitted said Hook to lay and deposite in any part of the road opposite to said field, without obstructing said Philbrick's bars, any boards, lumber, materials, or anything else whatever. This was not contested.

It appeared that in 1845, Philbrick executed a mortgage of his farm, including the parcel described in the obligation, which has not been satisfied.

In 1846, Hook requested Webster, the appraiser named in the bond, to make an appraisal. Webster sent word to Philbrick,

that he was going to appraise the land Hook claimed of him, and requested him to attend; and the parties and Webster met at the land to be appraised, which was spoken of, and pointed out; and the bond was produced and read. Philbrick then requested a delay, for the purpose of consulting counsel, to see if he was obliged to comply with the bond. His request was assented to, and the parties separated, without alluding to the question of the value of the property, and without any understanding as to the time or place of any subsequent meeting, and without Philbrick requesting an adjournment to any particular time or place. Sometime after, on the twelfth of November, 1846, at the request of Hook, and without any notice to Philbrick, without going again upon the land, and without any meeting of the parties, or any hearing upon the subject, except that it appeared that Hook suggested to Webster, that he had by the bond, a privilege to lay lumber in front of Philbrick's land, and that the value of the parcel to be appraised, was diminished by the circumstance, Webster, who had known the land well for twenty-five years before, appraised it at two dollars fifty cents, and gave Hook a certificate in writing, signed by him, that he had appraised the land at that price. But he gave no notice of his appraisal to Philbrick. This appraisal did not include the privileges described in the bond.

On the same day, one J. S., at Hook's request, went with this certificate to Philbrick, and read it to him, and he examined it, and J. S. then tendered to Philbrick $2.50, in silver money, as the amount of said appraisal, and stated to him that he did so at Hooks request; but he did not then ask for any deed.

Philbrick complained of the appraisal, as being very low, and declined to receive the money, and the witness continued to keep the same in his possession.

In May, 1847, Hook procured a draft of a deed to be made by a neighboring magistrate, and the said J. S., and the justice, at Hook's request called upon Philbrick, and produced the bond, the certificate of appraisal, and the deed; told him they came by request of Hook, and asked him to execute the deed, the said J. S., having with him the money before tendered, and telling

him he had the money ready to pay the appraised value, when the deed was executed. Philbrick said he had mortgaged his land and did not see his way clear to execute the deed, but made no other objection, and declined signing it. It did not appear, that either J. S., or the justice, had authority to surrender the bond, if the deed was executed. The writ was dated May 10, 1847.

The parties then agreed to take the case from the jury, and that judgment be rendered for the plaintiff, subject to a hearing in chancery; or for the defendant, according to the opinion of the superior court upon the foregoing case.

*H. F. French*, for the plaintiff.

1. The mortgage made by the defendant, disabled him to perform his contract, excused the plaintiff from the performance of any condition precedent, and was of itself a breach of the condition of the bond. *Newcomb* v. *Brackett*, 16 Mass., 161.

" It is implied in the contract on the part of the defendant, that he would do nothing by which he should be unable to perform it; and by making a deed to another person, he has disabled himself, and so virtually broken his contract." *Parker*, C. J. *Ibid*, 165.

" A condition shall be broken if the party has disabled himself to perform it; as if the condition be to enfeoff the feoffor, and he enfeoffs a stranger." Comyn's Dig., ' Condition' M. (2.)

" So if he be disabled to perform in the same plight and condition, that it was when the condition was created. As if a condition be *to enfeoff*, and he leases for years to another. Comyn's Dig., ' Condition ' M. (3,) ; Co. Lit., 221, a.

So if he takes a wife; for she will be thereby entitled to dower if she survives. Ib; Littletton, § 357 ; *Lovering* v. *Lovering*, 13 N. H. Rep., 520 ; *Brown* v. *Leavitt*, 26 Maine Rep., 251.

This is a contract to " *convey* by warranty deed," &c., " a *tract of land*," not merely to execute a deed of a certain form ; to deliver a worthless paper to the plaintiff.

On a covenant to "make a warranty deed, free and clear of all incumbrances," the agreement is not satisfied by the making of a deed with covenants of warranty, &c., unless the grantor had the absolute, entire, *unincumbered* estate, at the time of the conveyance. *Porter* v. *Noyes,* 2 Greenl. Rep., 22.

The same opinion was intimated in *Beach* v. *Steele,* 12 N. H. Rep., 89, where *Upham, J.,* says : " It seems to me, that the parties, by a covenant for a good deed of warranty, ordinarily understand something more than a mere deed in perfect form, and that they intend by it a conveyance of title with warranty."

In *Little* v. *Paddleford,* 13 N. H. Rep., 167, 175 ; *Woods, J.,* cites with approbation, *Judson* v. *Wass,* 11 Johns. Rep., 584, going to the same extent.

He also cites *Everson* v. *Rutland,* 4 Paige's Rep., 628, that " a covenant to cause to be conveyed, by a good and sufficient warranty deed, is not complied with by the mere giving of a warranty deed, where the grantor has no title to the land, *or where his title is imperfect.*"

The authorities go farther than is necessary for us, because here was a covenant, not to execute a deed of warranty merely, but to *convey the land* by a deed in that form. " To grant and convey land, means something more than to execute a deed in legal form, of land, of which one has no title at all, or an imperfect one." *Woods, J.,* 13 N. H. Rep., 174.

An inchoate right of dower was held an incumbrance, within the principle. 2 Greenl. Rep., *supra* 10 Johns. Rep., 266.

A mortgage has always been held such an incumbrance. *Little* v. *Paddleford,* 13 N. H. Rep., 167.

An *attachment,* held such an incumbrance. *Brown* v. *Bellows,* 4 Pick., 193 ; *Eastman* v. *Fiske,* 9 N. H. Rep., 182.

The law does not require a useless act of any party; and a precedent act is excused, when the other party puts himself voluntarily in a situation that he cannot perform his part of the contract.

" So if a condition be, to do upon request, and he is disabled to perform, there needs no request, for it would be in vain." Comyn's Dig., Condition, L., ( 11. )

In the case of actions for breach of marriage promise, a declaration alleging a promise to marry on request, or in a reasonable time, is supported by proof that the defendant has married another, without evidence of a request, or of the lapse of time.

The defendant here might have procured an appraisal and tendered a performance on his part, had he desired to encumber his estate by mortgage.

Had the plaintiff here received a deed after the mortgage was executed, he would have gained nothing but a right to a small portion of the premises, by paying the incumbrance upon the whole.

" The law will not, in such circumstances, require a payment or tender by the plaintiff, for this would be to hazard an additional loss without any possible advantage." *Parker*, C. J., 16 Mass., 165.

The condition is as completely broken by the execution of this mortgage, so far as the plaintiff is concerned, as if the defendant had conveyed away the estate by an unconditional deed.

2.    The appraisal here was sufficient.

There are no established rules for the conduct of such an appraiser.    His conduct must be reasonable and fair.

Here the person agreed on to " appraise or value " was a neighbor who had known the land for twenty-five years, obviously selected because he *did* know the circumstances.    All the facts bearing upon the value of the land, were known to him, after he had seen the bond.

The defendant made no objection for want of notice.    He asked no continuance for further hearing, but a mere delay to enquire as to the *validity of the bond.*

Hook's subsequent suggestion, as to his privilege to lay lumber upon the land, was proper, and not calculated to mislead.

Referees may ask each party separately his opinion of value, if they use their own judgment on the subject.    *Brown* v. *Bellows*, 4 Pick., 180.

In the case *Bassett* v. *Harkness*, 9 N. H. Rep., 164, there was evidence that the referees changed their report in consequence of statements privately made by a party.

No evidence was offered tending to show the appraisal too low, and the court will not presume judicially that $2.50 was not a fair price for *two square rods of land* in Hawke.

3.    The first tender was good.

The plaintiff made no demand for a deed, in express terms.

He was not bound either to demand a deed, or to tender a deed for execution to the defendant.

It was enough for him to give notice of the performance of the conditions precedent, and it then became the duty of the defendant to convey, according to his bond.

A party who contracts to execute and deliver a deed, is bound to prepare the deed.    *Tinney* v. *Ashley*, 15 Pick. 546.

In *Fairbanks* v. *Dow*, 6 N. H. Rep., 266, there was no tender of payment or performance, and the point, as to a formal demand for a deed, was not examined.

The idea that the plaintiff was bound to prepare and tender a deed ready to execute is absurd.    *What* should he tender ? a blank sheet of paper ? or a blank deed ? or a blank filled up ? — or further, a deed in form *sealed ;* and must he tender also, two witnesses and a magistrate, and the wife to release dower ? A blank sheet of paper would be just as good a deed, as a deed signed and not witnessed.

In *Buffum* v. *Buffum*, 11 N. H. Rep., 451, where the contract was similar, it was conceded on all sides, that it was the grantor's duty to prepare his deed.

4.    The last tender was sufficient, although in form conditional.    It was a tender of *performance*, on the part of the plaintiff.

The payment by him, was by the bond, not a condition *prececedent,* but an act *concurrent* with the delivery of the deed.

Where concurrent acts are to be performed by parties at the same time, the party suing is required to aver only, that he was ready and willing, without alleging an *offer* to perform, and that the defendant was requested, but refused.    *Tinney* v. *Ashley,* 15 Pick., 546, 552.

But clearly, if the appraisal was valid, the plaintiff was not *bound* either to tender money, or demand a deed ; the defendant's mortgage having put it beyond his power to execute a deed, ac-

cording to the bond. The plaintiff *could* do no more, than to procure an appraisal, and notify the defendant of it; which the case finds was done, in November, 1846. The defendants neglect to free the land from incumbrance, in a reasonable time after, was a breach of his bond.

Although this action was commenced soon after the second tender, yet the *refusal* of the defendant to convey, made him liable to a suit, *forthwith*.

The case does not show how long a time elapsed, after the tender, before suit, and the point is therefore, not fairly raised. Had not the defendant declined to convey, he would have been entitled to a reasonable time, if in a situation so that he could do it.

But he declined to execute the deed, and gave as his reason, that he had mortgaged his land.

By this refusal, he waived any informality in any of the prior proceedings. He did not refuse for want of notice; for unfairness in the appraisal; for want of a sufficient tender; but for a reason, which was avowed, and which rendered it impossible for him to convey, as he had contracted.

Defect of *notice* in all mesne process, is held to be waived by an appearance.

Where a party tenders, in performance of a condition, a draft of a bond not executed, and the other party declares that he will not accept such a bond, if executed, such declaration is a waiver of the signing and sealing of the bond. *Stanley* v. *Stanley*, 2 N. H. Rep., 364.

So a tender of bank bills is sufficient, if refused on other grounds; and it is not necessary to produce, and offer money, where there is a refusal to accept it. Such refusal is a *waiver* of other objections. *Sargent* v. *Graham*, 5 N. H. Rep., 440.

The defendant's fourth point, that the plaintiff has waived his right by delay, is not open to him under this plea and brief statement, which give no notice of such a defence; and if it were, the statute of limitations, as to sealed instruments, suggests the time which shall be held reasonable for performing their conditions. The case finds, that "it did not appear that either J. S., or the

justice, had authority to surrender the bond, if the deed was executed." An examination of the condition of the bond will show, that it should not be surrendered, "if the deed was executed," because it contained security for the use of another piece of land.

*Marston,* for the defendant.

1. The event upon which the defendant was bound to convey, has never happened.

He was bound to convey, only after he had been paid, or tendered the sum at which the land should be appraised or valued by Webster.

The defendant contends there has been no valuation that can bind him, for he was not present — had no notice and no knowledge of it. *Elmendorf* v. *Harris*, 23 Wend., 628.

2. The valuation, as made by Webster, was grossly inadequate.

It was made at the plaintiff's suggestion, who conferred with Webster alone about it, and made suggestions to him why he should appraise the land low. For this reason the proceeding is void. *Bassett* v. *Harkness*, 9 N. H. Rep., 164, and cases there cited.

It is plain that a hearing was contemplated, for all parties met once, at or near the land, and all agreed to a postponement.

It matters not that the defendant moved the postponement, for all assented to it.

The plaintiff says the defendant did not object for want of notice, and so waived any informality.

But want of notice is not an informality merely; it is a substantial and fatal defect.

The mere assignment of one excuse, for not performing a contract, is no waiver of any other defence. *Clement* v. *Clement*, 8 N. H. Rep., 210.

But the case finds that the defendant did complain that the appraisal was *very low*.

3. That the defendant did not execute a deed when $2.50, was tendered him by J. S., was no breach of the condition

of the bond, for no deed was tendered him to execute, nor was any deed demanded of him, and of course the defendant gave no refusal. In an agreement to convey land on the payment of money, the vendor must not only tender the money, but *demand a deed*, and after waiting a reasonable time, must present himself to receive it. *Fairbanks* v. *Dow*, 6 N. H. Rep., 506 ; *Fuller* v. *Williams*, 7 Cow., 53 ; *Eames* v. *Savage*, 14 Mass., 425 ; *Newcomb* v. *Brackett*, 16 Mass., 161.

Not executing a deed in May, 1847, as requested, was no breach of condition of the bond, because there was then no payment, or tender of the money, and because a reasonable time was not given the defendant to execute a deed before the commencement of this action. The writ is dated, May 10, 1847.

The last three cases above cited, are authorities on this point.

But the plaintiff says, payment of the money was not a condition precedent, but an act concurrent with the delivery of the deed.

Not so. This is not a case of mutual covenants. It is not an agreement of one party to convey for a price, and of the other, to receive the conveyance, and pay the price. The plaintiff in this case made no engagement. He was under no obligation to pay the appraisal, and receive the conveyance.

It was simply an engagement on the part of the defendant, to do certain acts, in certain events.

The bond specifies no time when the defendant shall convey, but mentions *events*, upon the happening of which, he agrees to convey.

The appraisal, and payment or tender, are strictly conditions precedent to the right of the defendant to have a conveyance. Surely the defendant was not to part with his land without payment or tender. *Fairbanks* v. *Dow*, 6 N. H. Rep., 206 ; *Drummond*, v. *Churchill*, 5 Shepley, 325 ; *Hardin* v. *Kreitsinger*, 17 Johns. Rep., 293 ; *Little* v. *Frost*, 3 Mass., 106 ; *Smith* v. *Wilson*, 8 East., 437.

A covenant to convey land, " on the vendor's being at half the expense to procure title," also, a covenant to convey " when

the consideration money is paid," have been held to be conditions precedent.

4.   The plaintiff cannot now claim to have the condition of the bond performed at all.  He has waived the right, by his delay.

He was bound to cause an appraisal to be made — to pay or tender the amount, and demand performance of the condition of the bond in a reasonable time — which was not done.

The bond was executed in December, 1834, and the plaintiff made no demand of performance for twelve years.  The defendant cannot be required to hold himself in readiness through all time, to perform the condition of this bond.  *Morse* v. *Bellows,* 7 N. H. Rep., 565.

5.   The mortgage was not a breach of the bond.

The bond did not require the obligor to make a good title, but to execute a deed *with the usual covenants,* showing an intention to rely on the covenants in the deed, and not on the bond, for a perfect title.   The covenants in the bond, referred to the instrument, and not to the title.   *Tinney* v. *Ashley,* 15 Pick., 546 ; *Aiken* v. *Sanford,* 6 Mass., 495 ; *Parker* v. *Parmlee,* 20 Johns. Rep., 130.

But in any event the mortgage was no breach of the bond, because the obligor had it in his power to free the premises from the incumbrance, at any time.

A mortgage is only security.

The mortgagor is deemed to be the owner of the property, as to all persons except the mortgagee and his representatives. *Hitchcock* v. *Hunnington,* 6 Johns. Rep., 290 ; *Southerin* v. *Mendum,* 5 N. H. Rep., 420 ; *Ellison* v. *Daniels,* 11 N. H. Rep., 270.

The case of *Newcomb* v. *Brackett,* cited by the plaintiff, was an absolute release and quit-claim.

So in *Porter* v. *Noyes,* the inchoate right of dower, was an incumbrance which it was not in the power of the obligor to remove ; besides the language inported freedom from incumbrances ; the words in that case were, " you shall make me a deed free and clear from all incumbrances."

GILCHRIST, C. J. There are two objections to the award in this case, either of which is sufficient to defeat the action.

In the first place, notice should have been given to the defendant, of the time when the appraisal was to be made. At the meeting in the year 1846, both parties attended, but nothing was done because the defendant wished the advice of counsel concerning the bond. Upon this, the parties separated. There was no adjournment of the hearing, but a mere separation without any understanding, or agreement about a future meeting. Subsequently, without any notice to the defendant, and at the request of the plaintiff, the arbitrator made an appraisal of the land.

Upon general principles, some notice of the time and place of hearing, by the referee, should have been given. *Parker*, J., *Abbe* v. *Norcott*, 8 N. H. Rep., 53. This was a matter, in which the defendant had an interest, concerning which, he was entitled to make suggestions and arguments to the referee, and upon the most obvious principles of justice and fair dealing, he had a right to an opportunity of being heard. An award made under a rule of court, may be set aside for such an irregularity as want of notice of the meeting. *Anon.*, 1 Salk., 71. If arbitrators, having proceeded in a reference, inform the defendant, present at the meeting, that they would suspend their proceedings till books of accounts had been examined, but afterwards make an award in his absence, without examining the books, the award will be set aside, the court holding that at all events, the defendant should have had notice that the arbitrators considered it unnecessary to inspect the books. *Pepper* v. *Gorham*, 4 J. B. Moore, 148. Where the defendant's attorney, swore he understood the arbitrator meant to call another meeting, the award was set aside. *Dodington* v. *Hudson*, 1 Bing., 384. In an anonymous case, 2 Chitty, 44, on a reference of an action for not repairing a house, the arbitrators made their award upon a view of the premises, without calling the parties before them. The court set aside the award, and Lord *Ellenborough* said, that although the premises might almost tell their own tale, yet there might be other facts which should be inquired into, such as payments by the party, excuses for not repairing, &c. In the case

of *Bedington* v. *Southall*, 4 Price, 232, an arbitrator examined one of the defendant's witnesses, on the part of the plaintiff, in the absence of the defendant, and did not give the defendant, any opportunity to cross-examine the witness. *Richards*, Chief Baron, and *Garrow*, B. thought the award should be set aside, *Garrow* saying that the arbitrator was bound to appoint a day for the examination of the witness, otherwise the award could not have been expected, and must have been a surprise ; but as the court were equally divided, the award was not set aside. In the case of *Peters* v. *Newkirk*, 6 Cowen 103, the parties agreed that a certain shearing machine should be appraised by a third person, and he made the appraisal at the request of the plaintiff, and in the absence of the defendant, who was not notified. It was held that the appraisal was irregular, and not conclusive upon the defendant, it being said by the court, ( *Woodworth*, J.,) " both parties should have had notice, so that an opportunity might be afforded to submit their remarks to the appraiser, and adduce proof if deemed necessary. The plainest dictates of natural justice, require that no man shall be condemned unheard." We think that justice and authority, both unite in declaring that such an award as the present one, is invalid.

In the second place, the delay in calling upon the appraiser to act, was entirely unreasonable. It is to be noticed, that the plaintiff was the person, upon whom the duty of calling out the referee would seem properly to devolve, and not the defendant. He desired a conveyance of the land from the defendant, for which he was to pay the appraised value. He was then to do an act, for the purpose of ascertaining what sum he was to pay or tender to the defendant, in order to entitle himself to a deed, while the defendant was to remain passive. As the contract was silent upon the subject of time, the law settles that the act must be performed within a reasonable time, and what is a reasonable time, is a question of law. *Morse* v. *Bellows*, 7 N. H. Rep., 566. It must depend on the situation of the parties, and the subject matter of the contract. After so long a period as twelve years, circumstances might have entirely changed in relation to the value of the land, the condition of the appraiser, and the sit-

uation of the parties. It does not appear, how the facts were upon these points, and we are called upon in the absence of all evidence, except the lapse of twelve years, to say whether the delay was unreasonable ; and as nothing has been offered to excuse or account for the delay, we think the award was made too late to possess any validity.

*Judgment for the defendant.*